IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN BARRETT BICKNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-CV-185-RAH-CSC ) |
| ELMORE COUNTY SHERIFF'S OFFICE, et al. | ) ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff John Barrett Bicknell, an inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action on March 16, 2023.[1] *See* Doc. 1 at 4. Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as time-barred.

**I.   THE COMPLAINT**

The Complaint alleges that, on October 15, 2013 or October 16, 2013, Elmore County deputies used excessive force against Plaintiff during an arrest, resulting in significant injury to Plaintiff. Doc. 1-1 at 1. A witness claimed to have given a video tape of the incident to the Elmore County Sheriff's Department. *Id.* at 1–2. Thereafter, Elmore County District Court Judge Glenn Goggans denied Plaintiff's discovery motion seeking a

---

[1] Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, the Court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

copy of the video to cover up the excessive force. *Id*. at 2; Doc. 1 at 2. As relief, Plaintiff seeks monetary damages, an internal investigation, and a copy of the video. Doc. 1 at 4.

## II. DISCUSSION

### a. State Court Records

The Court takes judicial notice of the case action summary sheets for Plaintiff's relevant criminal cases maintained by the Alabama Trial Court System (www.alacourt.com). *See Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1041 n. 18 (11th Cir. 2014). The case action summaries provide that, on October 16, 2013, Plaintiff was arrested and charged with obstruction of justice, resisting arrest, driving under the influence of alcohol and a controlled substance, improper parking, and tampering with evidence. On January 30, 2014, Plaintiff pled guilty to obstruction of justice and resisting arrest, and the State dismissed the other charges.

### b. Statute of Limitations

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run, which is generally the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably

prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 56–62 (11th Cir. 1996)).

Plaintiff asserts that the events giving rise to his claims occurred in October 2013 (*see* Docs. 1 at 2; 1-1 at 1), and his state court records reflect that relevant court proceedings concluded pursuant to a plea agreement on January 30, 2014. Thus, on or before January 30, 2014, the facts which would support Plaintiff's purported causes of action were apparent or should have been apparent to Plaintiff. *See, e.g., Salas v. Pierce*, 297 F. App'x 874, 877–78 (11th Cir. 2008) ("With regard to [plaintiff's] claims that the police arrested him without probable cause, the Assistant District Attorney failed to provide him with discovery documents, and the superior court judge failed to advise him of his appeal rights, the facts supporting these claims should have been apparent to [plaintiff] on or before the date he was sentenced."). However, Plaintiff did not file this action until March 16, 2023, nearly ten years later. As such, and because Plaintiff has further provided no basis for tolling the statute of limitations, it is clear from the face of the pleadings that his § 1983 claims are time-barred and should be dismissed. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

    c.    **Judicial Immunity**

Additionally, to the extent Plaintiff seeks monetary damages from Elmore County District Court Judge Glenn Goggans based on his discovery motion being denied, Judge Goggans is entitled to judicial immunity. Plaintiff's allegations against Judge Goggans

3

appear to arise from Judge Goggans' role as presiding judge over Plaintiff's prior state court proceedings. It is well established, however, that a plaintiff may not maintain a suit for damages against a judge acting in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam).[2] Thus, even if Plaintiff's claims were not time-barred, his claims against Judge Goggans would nevertheless be subject to dismissal.

## III.   CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process as time-barred.[3]

It is further ORDERED that, on or before **August 24, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

---

[2] Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies even when a judge's action was in error, done maliciously, or taken in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted); *Mireles*, 502 U.S. at 11 (holding that judicial immunity is not overcome by allegations of bad faith or malice). This immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

[3] Because Plaintiff's claims are barred by the applicable two-year statute of limitations, the undersigned finds that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of August, 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE